1  OWEN SEITEL (SBN 137365)
2  ELIZABETH J. REST (SBN 244756)
   IDELL & SEITEL LLP
3  465 California Street, Suite 300
   San Francisco, CA 94104
4  Telephone: (415) 986-2400
   Facsimile: (415) 392-9259
5
6  Attorneys for Plaintiff Robert Szegedy

7               UNITED STATES DISTRICT COURT
8             NORTHERN DISTRICT OF CALIFORNIA
9               SAN FRANCISCO DIVISION
10

11 | ROBERT SZEGEDY, an individual,        )  Case No.: C 10-05579 MEJ
                                           )
12 |              Plaintiff,               )  **RULE 26(f) REPORT; CASE**
                                           )  **MANAGEMENT CONFERENCE**
13 |        vs.                            )  **STATEMENT**
                                           )
14 |                                       )
   | MONTAG DIVULGAÇÃO LTDA., a Brazilian  )  **Date:**  March 17, 2011
15 | limited liability partnership; and DOES 1 through )  **Time:** 10:00 a.m.
16 | 100, inclusive,                       )  **Courtroom:**  B – Fifteenth Floor
                                           )
17 |              Defendants.              )  Hon. Magistrate Judge Maria-Elena James
                                           )
18 |                                       )  (E-Filing)
                                           )
19 |                                       )  **Complaint Filed:** December 9, 2010
20 |                                       )

21        Plaintiff ROBERT SZEGEDY ("Plaintiff") submits this Case Management Conference

22 Statement:

23        1.    *Jurisdiction, Service and Governing Law.*

24        No issues exist regarding personal jurisdiction or venue.   This action, filed by Mr. Szegedy,

25 arises out of an administrative proceeding filed by Defendant MONTAG DIVULGAÇÃO LTDA.

26 ("Defendant") with the World Intellectual Property Organization ("WIPO") on or about September 9,

27 2010.   In Defendant's WIPO Complaint, pursuant to Paragraph 3(b)(xiii) of the UDRP Rules of

28 Procedure, Defendant consented to the jurisdiction and venue of the Courts of the Northern District of

1   California, United States.  A true and correct copy of the WIPO amended complaint dated September
2   14, 2010, without exhibits, is attached to Plaintiff's Complaint, which was filed on December 9, 2010.
3   DKT # 1 at 26.

4        However, as of the date of this filing, Plaintiff has not been able to effect service on Defendant,
5   who is located in São Paulo, Brazil.

6        On December 13, 2010, Plaintiff provided Defendant and Defendant's counsel in the WIPO
7   action by International Mail and electronic mail with copies of the Summons and Complaint and
8   accompanying documents.  Plaintiff also provided Defendant with a Notice of Lawsuit and Request to
9   Waive Service of a Summons and two copies of the Waiver of Service of Summons.  Defendant had to
10  and until February 12, 2011, to return the Waiver of Service of Summons.  Defendant did not do so.

11       On February 25, 2011, Plaintiff again sent the Waiver of Service of Summons to Defendant and
12  Defendant's counsel by International Mail and electronic mail with another request for the return of the
13  Waiver of Service of Summons.  Plaintiff gave Defendant to and until March 4, 2011, to return the
14  Waiver of Service of Summons.  Defendant did not do so.

15       On March 8, 2011, Plaintiff yet again sent the Waiver of Service of Summons to Defendant and
16  Defendant's counsel by International Mail and facsimile with another request for the return of the
17  Waiver of Service of Summons.  Plaintiff gave Defendant to and until March 9, 2011, to return the
18  Waiver of Service of Summons.  Defendant did not do so.

19       Plaintiff's counsel has attempted, on numerous occasions, to reach Defendant's counsel by
20  telephone, to no avail.

21       Because Defendant has failed and refused to waive formal service, Plaintiff has engaged the
22  services of a process server in São Paulo, Brazil, to formally serve the Defendant.  The process server
23  has informed Plaintiff's counsel that, due to required procedures in Brazil, it may take over a month to
24  serve the Defendant.

25       Plaintiff will be asking the Court to require Defendant to pay the expenses of making formal
26  service on Defendant in Brazil pursuant to Rule 4 of the Federal Rules of Civil Procedure.

27       Plaintiff respectfully requests a sixty (60) day continuance of the Case Management Conference
28  in this matter to allow Plaintiff the opportunity to formally serve Defendant.

2.   *Facts*.

   a.   **Plaintiff's Statement**

   Plaintiff is an individual residing in Walnut Creek, California. Plaintiff is the registered owner of the domain name <pele.com> (the "Domain Name") which is the subject of this case.

   After a WIPO decision is entered, Paragraph 4(k) of the UDRP Policy allows a party to submit its dispute to a Court of competent jurisdiction for independent resolution. As such, the Complaint herein was filed on December 9, 2010, in response to the decision entered in the WIPO administrative proceeding initiated by Defendant.

   This is an action requesting a judicial declaration that Plaintiff is entitled to the continued registration, ownership and use of the Domain Name, and that Plaintiff's use of the Domain Name is not an infringement of any trademark rights alleged by Defendant. Plaintiff also brought this action to prevent the transfer of the Domain Name to Defendant.

3.   *Key Legal Issues*.

   a.   **Plaintiff's Statement**

   This is an action requesting a judicial declaration that Plaintiff is entitled to the continued registration, ownership and use of the Domain Name, and that Plaintiff's use of the Domain Name is not an infringement of any trademark rights alleged by Defendant. Plaintiff also brought this action to prevent the transfer of the Domain Name to Defendant.

4.   *Likelihood of Motions*.

   a.   **Plaintiff's Statement**

   Plaintiff will be bringing a Motion asking the Court to require Defendant to pay the expenses of making formal service on Defendant in Brazil.

   Based on Defendant's non-responsive behavior to date, Plaintiff believes it may also be necessary to bring a Motion for default judgment.

   Finally, Plaintiff will be bringing a Motion for declaratory relief.

5.   *Amendment of Pleadings*.

   Plaintiff has no plans at this time to amend his Complaint.

6.     *Evidence Preservation*.

Plaintiff is aware of its duty to preserve evidence.

7.     *Disclosures*.

The parties have not met and conferred pursuant to the requirements of F.R.C.P. 26(f) because Defendant has not yet been served with the Summons and Complaint in this action.  Plaintiff has not yet served its Initial Disclosures as Defendant has not yet been served with the Summons or Complaint, and has not appeared.

8.     *Discovery and Experts*.

Plaintiff does not anticipate that any special exceptions will be required dispensing with the limitations on discovery set forth in Federal Rule of Civil Procedure 26.  No discovery has taken place as of the date of this Statement.

At this point, Plaintiff has not identified any experts that might be required at trial or on motion.

9.     *Class Actions*.

This is not a class action.

10.     *Related Cases*.

There are no related cases pending.

11.     *Relief*.

This is an action requesting a judicial declaration that Plaintiff is entitled to the continued registration, ownership and use of the Domain Name, and that Plaintiff's use of the Domain Name is not an infringement of any trademark rights alleged by Defendant.  Plaintiff also brought this action to prevent the transfer of the Domain Name to Defendant.

12.     *Settlement Discussions and Alternative Dispute Resolution*.

No settlement discussions have been initiated as Defendant has not yet been served with the Summons and Complaint.  Similarly, no alternative dispute resolution procedure has been discussed or elected because Defendant has not yet been served.

13.     *Magistrate*.

Plaintiff consents to have a Magistrate Judge preside over the entire case, including trial.

14.     *Other Matters.*

As Defendant has not yet appeared, the parties have not discussed any other matters affecting the status of the case.

15.     *Other References.*

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

16.     *Narrowing of Issues; Issues that May be Resolved on Summary Judgment.*

a.     **Plaintiff's Statement**

Plaintiff believes that a declaratory judgment may be entered in this matter and may be resolved on summary judgment.

17.     *Proposed Scheduling Deadlines.*

The parties propose the following scheduling deadlines:

i.     Designation of Experts: 90 days before trial pursuant to F.R.C.P. 26(a)(2)(C)

ii.     Discovery Cutoff: As set by the Court pursuant to F.R.C.P. 16 and 26; the parties request a separate discovery cutoff for fact discovery and for expert discovery

iii.     Hearing of Dispositive Motions:  As set by the Court pursuant to F.R.C.P. 16

iv.     Pretrial Disclosures: 30 days before trial pursuant to F.R.C.P. 26(a)(3)(B)

v.     Pretrial conference: As set by the Court pursuant to F.R.C.P. 16

vi.     Trial: January, 2012

18.     *Time Estimate for Trial.*

Plaintiff believes that a trial in this matter should last approximately 4 hours.

19.     *Disclosure of Non-Party Interested Entities or Persons.*

Plaintiff filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16, stating that, other than the named parties, there is no such interest to report.

20.     *Other Matters as may Facilitate the Just, Speedy and Inexpensive Disposition of this Matter.*

Plaintiff requests a continuance of the Case Management Conference currently scheduled for

1    March 17, 2011. Plaintiff has made diligent efforts to serve Defendant in Brazil, but has not yet

2    effected service. A continuance of sixty (60) days would be appropriate.

3         Submitted this 9th day of March, 2011.

4

5    Dated: March 9, 2011                   IDELL & SEITEL LLP

6

7

8                                  Owen Seitel
                                 Elizabeth J. Rest
                                 Attorneys for Plaintiff Robert Szegedy

9

10    The CMC is continued to June 9, 2011 at 10:00 a.m. The CMC statement shall be filed by

11    June 2, 2011.

12    Dated: March 11, 2011

13

14

15

16

17

18

19

20



21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel, LLP 465 California Street, Suite 300, San Francisco, California 94104.

On March 9, 2011, I served the following document(s):

**RULE 26(f) REPORT; CASE MANAGEMENT CONFERENCE STATEMENT**

☒   by regular **INTERNATIONAL MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Idell & Seitel LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

☐   by **E-MAIL TRANSMISSION**, by electronically transmitting a true and correct copy of the document(s) in Adobe Acrobat format to the electronic mail addresses indicated below:

☐   by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Idell & Seitel LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

☐   by **FACSIMILE TRANSMISSION**, by placing a true and correct copy of the document(s) to be transmitted by facsimile machine to the number indicated after the address(s) noted below. The transmission was reported as complete and without error.

Montag Divulgação Ltda.
Rua Riachuelo, n° 121 - 4° andar – CJ. 41
Centro - Santos - São Paulo - Brazil
CEP 11010 – 911

Newton Silveira and Eduardo Trigueiros
Wilson Silveira e Associados - Advogados
Av. Paulista, 1.499 - 18° andar
São Paulo - SP Brazil
CEP 01311-928

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California.

_____
Elise Stieren