OWEN SEITEL (SBN 137365)
ELIZABETH J. REST (SBN 244756)
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259
Email: oseitel@idellseitel.com; erest@idellseitel.com

*Attorneys for Plaintiff and Counterdefendant Robert Szegedy*

LAW OFFICES OF KIRK B. FREEMAN
KIRK B. FREEMAN Bar No. 99685
MATTHEW A. MALLET Bar No. 203393
214 Grant Avenue, Suite 301
San Francisco, California  94108
Telephone: (415) 398-1082
Fax: (415) 391-1285
Email: kirk@kbflaw.com; matthew@kbflaw.com

*Attorneys for Defendant and Counterclaimant*
*MONTAG DIVULGAÇÃO LTDA .*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT SZEGEDY, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONTAG DIVULGAÇÃO LTDA., a Brazilian limited liability partnership; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants.<br><br>And Related Counterclaim. | Case No.: C 10-05579 EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br>　ORDER RESETTING CMC<br>**Date:**  October 25, 2011<br>**Time:** 2:30 p.m.<br>**Courtroom:**  5 – 17th Floor<br><br> Hon. Judge Edward M. Chen<br><br>**Complaint Filed:** December 9, 2010<br>**Counterclaim Filed:** September 29, 2011<br><br>(E-Filing) |

1
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C 10-05579 EMC

Plaintiff and Counterdefendant ROBERT SZEGEDY ("Plaintiff") and Defendant and Counterclaimant MONTAG DIVULGAÇÃO LTDA., a Brazilian limited liability partnership ("Defendant"), have conferred pursuant to Federal Rule of Civil Procedure 26(f). As a result of that conference, Plaintiff and Defendant submit this Joint Case Management Conference ("CMC") Statement pursuant to Federal Rule of Civil Procedure 26(f)(2), Civil L. R. 16-9, this Court's Standing Order for All Judges of the Northern District of California, and the Civil Standing Order of U.S. District Judge Edward M. Chen:

1. ***Jurisdiction and Service.***

No issues exist regarding jurisdiction or service. This action, filed by Mr. Szegedy, arises out of an administrative proceeding filed by Defendant with the World Intellectual Property Organization ("WIPO") on or about September 9, 2010. In Defendant's WIPO Complaint, pursuant to Paragraph 3(b)(xiii) of the UDRP Rules of Procedure, Defendant consented to the jurisdiction and venue of the Courts of the Northern District of California, United States. A true and correct copy of the WIPO amended complaint dated September 14, 2010, without exhibits, is attached to Plaintiff's Complaint, which was filed on December 9, 2010. (Doc. No. 1 at 26).

All parties have been served and have appeared.

2. ***Facts***.

    a) **Plaintiff's Statement**

Plaintiff is an individual residing in Walnut Creek, California. Plaintiff is the registered owner of the domain name <pele.com> (the "Domain Name") which is the subject of this case.

Plaintiff registered the Domain Name in good faith in or about 2003, and has owned and used the Domain Name continuously since that registration. Prior to registering the Domain Name, Plaintiff had the idea of opening a meditation retreat in the Hawaiian Islands. At the time, Plaintiff believed that the name "Pele" would be an appropriate name for this endeavor because, in the Hawaiian religion, Pele is the goddess of fire, lightning, dance, and volcanoes, and is a popular figure in Hawaiian mythology.

Plaintiff ultimately opened a web-design business, which operates under the trade name Pele Studio. Pele Studio has an online presence utilizing the Domain Name Internet address. Plaintiff uses

the Domain Name in connection with the bona fide offering of services. Plaintiff intends to use the Domain Name in the future in connection with a business in the Hawaiian Islands.

On or about September 9, 2010, Defendant filed a complaint with WIPO seeking transfer of the Domain Name to Defendant (see Section 1 above).

After a WIPO decision is entered, Paragraph 4(k) of the UDRP Policy allows a party to submit its dispute to a Court of competent jurisdiction for independent resolution. As such, the Complaint in this action was filed with the United States District Court, Northern District of California, on December 9, 2010, in response to the decision entered in the WIPO administrative proceeding initiated by Defendant.

This is an action requesting a judicial declaration that Plaintiff is entitled to the continued registration, ownership and use of the Domain Name, and that Plaintiff's use of the Domain Name is not an infringement of any trademark rights alleged by Defendant. Plaintiff also brought this action to prevent the transfer of the Domain Name to Defendant.

    b) **Defendant's Statement**

Defendant is a Brazilian limited liability partnership. Edison "Edson" Arantes do Nacimento, aka "Pelé", is widely regarded, world-wide, as one of the greatest football or soccer players of all time. Pelé retired from football in 1977, and has undertaken various commercial ventures since then. Because of Pelé's immense fame, popularity and good will with football fans and the general populace, Pelé has used his name in a host of marketing ventures. Pelé and companies he has been or is affiliated with have expended substantial resources in advertising and promoting Pelé brand products and services over the past several decades.

The trademark Pelé is registered in countries around the world, including Algeria, Zimbabwe, China, Lesotho, Peru, Swaziland, Brazil and the United States. The word mark "Pelé" is protected by Community Trademark registrations 3367943 and 372242. The earliest of these trademarks dates from 1996.

Since July 2008 defendant has been charged with the management of the Pelé trademarks. Defendant's business is to manage the Pelé brand. Pelé is the Chief Executive Officer of defendant.

Plaintiff has registered the top level domain name "Pele.com." This domain name is identical or

confusingly similar to the "Pelé" mark.

Neither defendant nor its predecessors in interest ever authorized or licensed plaintiff to use the Pelé trademark.

Plaintiff is not known by the name "Pelé" and otherwise has no legitimate interest in the disputed domain name www.pele.com.

Plaintiff has not used the domain name in the operations of a legitimate business. In the past, the domain name has directed viewers to a website with an "under construction" message and a "website for sale" message, which, if clicked on, directed the viewer to "www.value.com", an appraisal tool for determining the sale value of domain names. Currently the domain name directs viewers to a website named "Pele Studio", which has an "under construction" message on every page except the home page.

Plaintiff has owned and registered more than 112 domain names. The top level domain name "pelestudio.com" is not currently registered, and is available for purchase.

When plaintiff purchased and registered the disputed domain name www.pele.com, he was aware of the reputation and goodwill attaching to the Pelé name and he purchased the disputed domain name in bad faith seeking commercial gain.

In its counterclaim defendant seeks injunctive relief against plaintiff's continued use of the disputed domain name, for an accounting of the profits earned by plaintiff from the domain name, for an award of damages and trebling of damages, pursuant to 15 U.S.C. §1117(a), and for an award of attorneys' fees.

3. **Legal Issues**.

a) **Plaintiff's Statement**

The key legal issues are:

 i. Whether Plaintiff is entitled to a Declaration that his registration, ownership and use of the Domain Name is not an infringement of any trademark rights alleged by Defendant and is not in violation of the Anticybersquatting Consumer Protection Act;

 ii. Whether Plaintiff is entitled to a Declaration that Plaintiff has not

infringed or diluted, and is not infringing or diluting, any protectable trademark rights of Defendant on account of Plaintiff's use of the Domain Name in connection with his website and/or design studio;

iii.   Whether Plaintiff is entitled to a Declaration that the Domain Name shall not be transferred to Defendant pursuant to the WIPO decision dated November 30, 2010;

iv.   Whether the Plaintiff is entitled to his costs and attorneys' fees pursuant to 15 U.S.C. § 1114 (2)(D)(iv);

v.   Whether Plaintiff's Complaint, and each and every cause of action alleged therein, states a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

vi.   Whether Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitation;

vii.   Whether Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel;

viii.   Whether Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches;

ix.   Whether Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands, and/or equitable estoppel;

x.   Whether Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver;

xi.   Whether Defendant has stated a claim upon which relief can be granted for Cybersquatting under 15 U.S.C. § 1125 (d);

xii.   Whether Defendant is entitled to an injunction restraining Plaintiff from using the Domain Name;

xiii.   Whether Defendant is entitled to an accounting;

xiv.   Whether Defendant is entitled to compensatory damages;

xv.     Whether Defendant is entitled to treble damages;

xvi.    Whether Defendant is entitled to costs of suit, including attorneys' fees.

b)   **Defendant's Statement**

The key legal issues are whether:

i.      Plaintiff's use of the disputed domain name constitutes a violation of Anticybersquatting Consumer Protection Act (15 U.S.C. §1125(d);

ii.     Defendant is entitled to injunctive relief prohibiting plaintiff from continued use of the disputed domain name;

iii.    Whether defendant is entitled to an accounting of all gains, profits and advantages derived by plaintiff from his use of the disputed domain name;

iv.     Whether defendant is entitled to compensatory damages;

v.      Whether defendant is entitled to trebling of damages;

vi.     Whether defendant is entitled to costs of suit, including attorneys' fees.

4.   *Motions*.

If the parties are unable to settle this matter through mediation, Plaintiff anticipates that there may be motions relating to discovery matters. Plaintiff may file a motion for summary judgment or summary adjudication. Defendant may also file a motion for summary judgment or summary adjudication.

5.   *Amendment of Pleadings.*

Plaintiff has no plans at this time to amend his Complaint.

Defendant has no plans at this time to amend its Counterclaim.

6.   *Evidence Preservation*.

Counsel has discussed evidence preservation issues. The parties are aware of their duties to preserve evidence and evidence is being preserved.

7.   *Disclosures*.

The parties have met and conferred pursuant to the requirements of F.R.C.P. 26(f). Plaintiff's Initial Disclosures were served on October 6, 2011. Defendant's Initial Disclosures will be served on or before October 14, 2011.

8. *Discovery and Experts*.

   a) **Plaintiff's Statement**

No discovery has taken place as of the date of this Statement.

Except as noted, Plaintiff does not anticipate that any special exceptions will be required dispensing with the limitations on discovery set forth in Federal Rule of Civil Procedure 26. Depositions will be required on both sides. Issues may arise concerning the location of those depositions.

Plaintiff intends to depose the Person Most Knowledgeable of Defendant, who may be in Brazil. Plaintiff will be requesting that this individual personally appear for his or her deposition in California.

At this point, Plaintiff has not identified any experts that might be required at trial or on motion. If either party retains any experts, the other party may need to retain one or more rebuttal experts.

   b) **Defendant's Statement**

Defendant does not anticipate that any special exceptions will be required dispensing with the limitations on discovery set forth in Federal Rule of Civil Procedure 26. Defendant will depose plaintiff.

At this point, defendant has not identified any experts that might be required at trial or on motion. If either party retains any experts, the other party may need to retain one or more rebuttal experts.

9. *Class Actions*.

This is not a class action.

10. *Related Cases*.

There are no related cases pending.

11. *Relief*.

   a) **Plaintiff's Statement**

Plaintiff seeks the following relief:

   i. Declaratory relief in the form of a judicial declaration that Plaintiff is entitled to the continued registration, ownership and use of the Domain Name, and that Plaintiff's use of the Domain Name is not an infringement of any trademark rights alleged by Defendant, and that the Domain Name should not be

        transferred to Defendant;

        ii.     Plaintiff's costs and attorneys' fees; and

        iii.    Such other further relief as this Court deems just and proper.

    b)    **Defendant's Statement**

Defendant seeks the following relief:

        i.      Injunctive relief;

        ii.     An accounting;

        iii.    Monetary relief;

        iv.    Costs and attorneys' fees; and

        v.     Such other further relief as this Court deems just and proper.

12.    *Settlement Discussions and Alternative Dispute Resolution*.

The parties have engaged in settlement discussions, to no avail.  However, the parties have stipulated to private mediation.  On September 16, 2011, Judge Chen ordered the parties to complete private mediation no later than January 14, 2012.

The parties have selected a mediator and are working with the mediator to confirm a date for the mediation.

13.    *Consent to Magistrate for All Purposes*.

The parties did not consent to have a Magistrate Judge preside over the entire case, including trial.

14.    *Other References*.

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    *Narrowing of Issues*.

Plaintiff believes that this matter and may be resolved on summary judgment.

Defendant believes that this matter may be resolved on summary judgment.

16.    *Expedited Schedule*.

The parties do not believe that this is the type of case that can be adjudicated on an expedited schedule.

17. **Proposed Scheduling Deadlines**.

Plaintiff proposes the following scheduling deadlines:

    i. Designation of Experts: 90 days before trial pursuant to F.R.C.P. 26(a)(2)(C)

    ii. Discovery Cutoff: As set by the Court pursuant to F.R.C.P. 16 and 26; the parties request a separate discovery cutoff for fact discovery and for expert discovery

    iii. Hearing of Dispositive Motions: As set by the Court pursuant to F.R.C.P. 16

    iv. Pretrial Disclosures: 30 days before trial pursuant to F.R.C.P. 26(a)(3)(B)

    v. Pretrial conference: As set by the Court pursuant to F.R.C.P. 16

    vi. Trial: September 10, 2012

18. **Trial**.

Although Plaintiff requested a jury trial in his Complaint, Plaintiff waives his right to a jury and requests that this matter be tried by the Court. Plaintiff believes that a trial in this matter should last approximately 6 hours. Defendant requests a jury trial and anticipates that the trial will take five days.

19. **Disclosure of Non-Party Interested Entities or Persons**.

Plaintiff filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16, stating that, other than the named parties, there is no such interest to report.

Defendant filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16. It identified Pelé as an interested party.

20. **Other Matters as may Facilitate the Just, Speedy and Inexpensive Disposition of this Matter.**

The parties respectfully request a sixty (60) day continuance of the Case Management Conference in this matter to allow the parties to mediate this matter.

Jointly submitted this 11th day of October, 2011.

    IDELL & SEITEL LLP

Dated: October 11, 2011    By:    /Owen Seitel/
    Owen Seitel
    Elizabeth Rest
    *Attorneys for Plaintiff Robert Szegedy*

LAW OFFICES OF KIRK B. FREEMAN

Dated: October 11, 2011        By:        /Kirk B. Freeman/
Kirk B. Freeman
Matthew A. Mallet
*Attorneys for Defendant MONTAG DIVULGAÇÃO LTDA*.

**ATTESTATION OF CONCURRENCE**

I, Owen Seitel, attest that I am one of the attorneys for Plaintiff Robert Szegedy, and as the ECF user and filer of this document, I attest that, pursuant to General Order No. 45(X)(B), concurrence in the filing of this document has been obtained from Kirk B. Freeman, the above signatory.

Dated: October 11, 2011        By:        /Owen Seitel/
Owen Seitel

IT IS SO ORDERED that the CMC is reset from 10/25/11 at 2:30 p.m. to 1/20/12 at 9:00 a.m. An updated joint cmc statement shall be filed by 1/13/12.

_____
Edward M. Chen
U. S. District Judge

IT IS SO ORDERED
Judge Edward M. Chen
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel LLP, 465 California Street, Suite 300, San Francisco, California 94104.

On October 11, 2011, at 5:30 a.m./p.m., I served the following document(s):

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

☒ by **ELECTRONIC MAIL.** As this case is subject to the United States District Court for the Northern District of California ECF program, pursuant to General Rule 45, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

Kirk B. Freeman, Esq.
Matthew A. Mallet
Law Office of Kirk B. Freemen
214 Grant Avenue, Suite 301
San Francisco, CA  94108

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California.

Executed on October 11, 2011.

_____
Christy Marty Holdt